By the Court.—Sedgwick, Ch. J.
The complaint averred that the- plaintiffs, from time to time, had consigned to the defendants quantities of grain for sale by defendants as plaintiffs’ agents; that from time to. time, the defendants made advances to the plaintiffs upon the grain; that at a certain time the defendants rendered to the plaintiffs an account of sales and advances, which presented a balance against the plaintiffs ; that the balance was adjusted “between the parties by the payment of certain moneys by the plaintiffs, to the defendant, who accepted the same in full payment of the balance claimed” ; that afterwards on a further examination of the account the plaintiffs for the first time discovered that the defendants had erroneously charged in the account as an advance," a payment to the plaintiffs, $1,550, which in fact had never been advanced or paid, and claimed judgment for this sum.
It appeared by the admission of the defendants that the sum had been erroneously charged.
The answer was that the charge of $1,550 “formed a part of the account as stated between the said firms and *374 was a part of the consideration which induced defendant firm to accept the payment offered by plaintiffs, and upon the discovery of the fact that it should not have been included in said account was thereafter and before the commencement of this action opened by consent, and the statement and settlement thereof was set aside by mutual agreement and consent of the parties thereto respectively.”
This defense, if it would avail at all, was not proven. One of the defendants testified, in substance, that in settling the account, they supposed, erroneously that the charge had been correctly made, but there was no attempt to prove that a dispute as to another item had been settled by the parties, upon any consideration that pertained to the rest of the account. There was an offer by defendants in a letter to open the account entirely, but this was re-' jected by the plaintiffs.
The other defense was, that upon a just and true accounting between the parties, it would appear that there was due to the plaintiffs $556, which the defendants had tendered to the plaintiffs, and for which, with interest and costs, judgment was offered.
The court refused to allow the defendants to show the result of such an account as the answer referred to, and directed judgment for the plaintiffs in the amount of the erroneous charge and interest.
The pleadings refer to the account as an account stated as commonly understood. And so it was, in fact. One of the items, or a group of items in the account presented by the defendants, concerned certain charges which the plaintiffs disputed. They referred to certain losses in selling grain, and did not refer to advances or payments to plaintiffs. This dispute was settled by the plaintiffs bearing half of the loss, which correspondingly affected the balance first stated against the plaintiffs. This it will be perceived, did not affect the legal character of the account, as so affected. It became substantially a second account which was stated between the parties.
The rule in respect of opening accounts stated, is that *375 where fraud is not alleged and shown, it is to be opened no further than as respects specific items or entries averred in the pleadings to have been made or admitted through excusable error or mistake (Bruen v. Howe, 2 Barb. 592, cited 42 N. Y. 436).
In the present case, the plaintiffs confined their averments to a specific charge, and the issue was to be confined to this. The defendants had the right to aver fraud, but this was not averred. They had the right to show that the account was opened in all respects by mutual agreement, but they failed to prove this. On the other hand, they did not plead that there was any other specific mistake, which when corrected, would affect the right of the plaintiffs to recover for the mistake that they proved.
Defendants’ exceptions overruled, and judgment ordered for plaintiffs upon the verdict, with costs.
Truax, J., concurred.